IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01857-KLM

MICHAEL ELLIS, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

THE SPECTRANETICS CORPORATION,
SCOTT DRAKE, and
GUY A. CHILDS,

    Defendants.

_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on the **Motion of Allen J. Wiesenfeld for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Counsel** [#10][1] (the "Motion")[2] and the **Joint Motion to Vacate Scheduling/Planning Conference and to Set a Schedule for the Filing of an Amended Complaint and a Briefing Schedule** [#23] (the "Scheduling Motion"). In the Motion, Mr. Wiesenfeld asks the Court to appoint him Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PLSRA"). *Motion* [#10] at 1. He also requests appointment of his selection of Glancy

---

[1] "[#43]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Recommendation.

[2] As noted in the Conclusion, the Court also rules on the two motions filed by other potential lead plaintiffs, who later informed the Court that they do not oppose appointment of Mr. Wiesenfeld as lead plaintiff.

Prongay & Murray LLP and WeissLaw LLP as Co-Lead Counsel and The Shuman Law Firm as liaison counsel for the Class of securities holders. *Id.*

## I. Facts

The facts pertinent to the issues presently before the Court have relatively little to do with the lawsuit. In short, Plaintiff, on behalf of other shareholders of Defendant Spectranetics Corporation ("Spectranetics"), alleges that Defendants made false or misleading statements or failed to disclose information which resulted in the decline in the market value of Spectranetics' securities. *Compl.* [#1] ¶¶ 1-8.

## II. Standard

Pursuant to the PSLRA, 15 U.S.C. § 78u-4, any member of the putative class may seek appointment as "lead plaintiff" for the remainder of the litigation. That request must be made within a 60-day period that begins on the date when the original plaintiff publishes notice of the suit. 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). The Court is required to select as lead plaintiff "the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members" (i.e. the "most adequate plaintiff"). 15 U.S.C. § 78u-4(a)(3)(B)(I).

Three Plaintiffs [## 7, 9, 10] sought to be designated the lead plaintiff in this case. However, two of those three have filed notices [##11, 12] informing the Court that they do not contest Mr. Wiesenfeld's Motion. As a result, there is no dispute regarding the requested relief. However, the Court must still consider whether Mr. Wiesenfeld meets the legal standard for appointment as lead plaintiff.

### III.  Analysis

The PSLRA creates a rebuttable presumption that the most adequate plaintiff is the person or group of persons that:

> (aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  However, the statute "gives no guidance as to how a presumptive lead plaintiff's financial interest for purposes of making the determination required by subsection (a)(3)(B)(iii)(I)(bb) should be calculated." *In re Spectranetics Corp. Secs. Litig.*, Lead Case No. 08-cv-02048-REB-KLM, 2009 WL 1663953 at *2 (D. Colo. June 15, 2009).  Regardless, courts routinely look to the movant's financial loss as the most significant factor in assessing his financial interest in the action.  *See, e.g., In re Bally Total Fitness Sec. Litig.*, Lead Case No. 04C3530, 2005 WL 627960 at *4 (N.D. Ill. Mar., 15, 2005) ("the best yardstick by which to judge 'largest financial interest' is the amount of loss, period"); *see also In re Spectranetics Corp.*, 2009 WL 1663953, at *2 (implicitly acknowledging the primacy of determining total loss).

As for the purported lead plaintiff needing to otherwise satisfy the requirements of Rule 23, only two of Rule 23(a)'s four requirements—typicality and adequacy—factor into the analysis.  *In re Ribozyme Pharm., Inc. Sec. Litig.*, 192 F.R.D. 656, 658 (D. Colo. 2000). Typicality exists where the claims of the representative plaintiff "arise out of the same course of conduct and are based on the same theories as those of the absent class members and thus their interests are coextensive with and typical of those of all class

members." *Schwartz v. Celestial Seasonings, Inc.*, 178 F.R.D. 545, 552 (D. Colo. 1998); *see Penn v. San Juan Hosp., Inc.*, 528 F.2d 1181, 1189 (10th Cir. 1975) (typicality exists "so long as the claims of the plaintiffs and the other class members are based on the same legal or remedial theory").  The adequacy requirement is satisfied on proof of "(1) the absence of potential conflict between the named plaintiffs and the class members and (2) that counsel chosen by the representative parties is qualified, experienced and able to vigorously conduct the proposed litigation." *In re Ribozyme*, 192 F.R.D. at 659.  If these prerequisites are met, the presumption created by the statute can be rebutted only by establishing that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

It appears to be undisputed that Mr. Wiesenfeld enjoys the presumptive title of "most adequate plaintiff" based on the size of his financial interest in the litigation.  *Motion* [#10] at 4; *Notice of Non-Opposition of W. Douglas Clark to Competing Lead Plaintiff Motion* [#11] at 1; *Notice of Non-Opposition fo Thomas McLean to Competing Motions for Appointment as Lead Plaintiff* [#12] at 2.  Considering the information provided by Mr. Wiesenfeld in support of his Motion, the Court concludes that he has the "largest financial interest" in this case.  *See Motion, Ex. C* [#10-3] at 1 (loss chart).

The Court next considers Rule 23's requirements of typicality and adequacy.  Mr. Wiesenfeld asserts, and the Court agrees, that his claims "are typical of the claims asserted by the proposed Class."  *Motion* [#10] at 6.  As Mr. Wiesenfeld explains, he, "like all members of the Class, alleges that Defendants violated the federal securities laws by publicly disseminating false and misleading statements concerning Spectranetics's

business operations and prospects." *Id.* at 10-11.  Further, he, "like all of the members of the Class, purchased Spectranetics common stock during the Class Period at prices artificially inflated by Defendants' misrepresentations and omissions, and was damaged thereby."  *Id.* at 11.  Further, the Court agrees that Mr. Wiensenfeld will fairly and adequately represent the class, as the Court is not aware of any potential conflicts between him and the other purported class members, and Mr. Wiesenfeld's counsel appears qualified, experienced, and able to "vigorously conduct the proposed litigation."  *In re Ribozyme*, 192 F.R.D. at 659.

### IV.  Conclusion

For the foregoing reasons,

IT IS HEREBY **ORDERED** that the Motion [#10] is **GRANTED** and Mr. Wiesenfeld is designated as Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(i).

IT IS FURTHER **ORDERED** that, pursuant to 15 U.S.C. § 78u–4(a)(3)(B)(v), Mr. Wiesenfeld is authorized to retain his current counsel, Glancy Prongay & Murray LLP and WeissLaw LLP, to pursue this action as co-lead counsel and The Shuman Law Firm as liaison counsel for the Class of securities holders.

IT IS FURTHER **ORDERED** that the Scheduling Motion [#23] is **GRANTED**.

IT IS FURTHER **ORDERED** that the Scheduling Conference set for January 5, 2016 at 10:30 a.m. is **VACATED**.  The Court will reset the Scheduling Conference, if necessary, at a later date.

IT IS FURTHER **ORDERED** that Mr. Wiesenfeld shall file any Amended Class Action Complaint within **60 days** of this Order.

IT IS FURTHER **ORDERED** that Defendants shall respond to the Amended Class Action Complaint no later than **60 days** after the Amended Class Action Complaint is filed.

IT IS FURTHER **ORDERED** that, if Defendants file a motion in response to the Amended Class Action Complaint, Plaintiff's response to the motion must be filed no later than **45 days** after the motion is filed.

IT IS FURTHER **ORDERED** that, if Defendants file a motion in response to the Amended Class Action Complaint, Defendants' reply in further support of the motion must be filed no later than **30 days** after the response is filed

IT IS FURTHER **ORDERED** that the Notice of Motion of W. Douglas Clark to Appoint Lead Plaintiff and Approve Lead Plaintiff's Selection of Counsel [#7] and the Motion of Thomas McLean for Appointment as Lead Plaintiff and Approval of Lead Counsel [#9] are **DENIED**.

Dated:  December 18, 2015

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge